[Civ. No. 1210.    Third Appellate District.—October 27, 1914.]

## COLUSA AND HAMILTON RAILROAD CO. (a Corporation), Respondent, v. CHARLES H. GLENN et al., Appellants.

Condemnation of Land—Right of Way—New Trial—Order Granting—Conflicting Evidence—Discretion of Court.—When the evidence is conflicting, the granting or refusing of a new trial rests peculiarly in the discretion of the trial court, and the appellate court will interfere only in cases of a plain abuse of such discretion, and the party alleging error must show the abuse of discretion. The same rule applies to condemnation proceedings as to other civil actions.

Id.—Conflicting Evidence—Lack of Abuse of Discretion.—In this action to condemn certain land for a right of way, it is held that the evidence was irreconcilably conflicting, and that there was nothing to indicate that the court abused its discretion in granting the motion for a new trial.

Id.—Construction of Railroad—Probable Damages by Flood Waters—Expert Testimony.—In an action to condemn land for a right of way for a railroad, it is proper to allow expert testimony to the effect that the market value of plaintiff's land will be greatly depreciated by the fact that the railroad, as it is intended to be constructed, will hold back flood waters and thereby cause damage to said land.

Id.—Measure of Damages.—In such a case the rule of damages is the difference between the value of the land immediately before and after the taking of the right of way, the real question in such cases being how much the market value of the property has been diminished by taking the right of way therefrom. In determining and fixing such damages, all matters and conditions which may reasonably be expected to follow the location and operation of the road and effect the value of the land should be considered.

APPEAL from an order of the Superior Court of Glenn County granting a new trial.   William M. Finch, Judge.

The facts are stated in the opinion of the court.

Ben J. Geis, and Duard F. Geis, for Appellants.

Frank Freeman, for Respondent.

BURNETT, J.—The action was to condemn a right of way one hundred feet wide and comprising altogether 12.13 acres of land.   The jury found that the value of the said strip was the sum of two hundred and fifty dollars per acre at the time of the issuance of the summons, or a total of $3,032.50; that the damages to the larger tract of which said strip formed a part by reason of its severance and the construction of the railroad was the sum of forty-one thousand four hundred dollars; and that the cost of the necessary fences would be the sum of one thousand nine hundred dollars, making a total award of $46,332.50.   Thereafter findings of fact, conclusions of law and a preliminary order for condemnation were duly signed and filed by the trial court.   In due time plaintiff gave notice of its intention to move for a new trial on all the statutory grounds and the court made the following order; "Plaintiff having heretofore moved for a new trial in this cause, and the same having been argued, submitted and taken under advisement by the court, and the court having considered the matter and being fully advised in the premises, hereby grants said motion for a new trial, and it is so ordered on the ground that the amount awarded defendants by the jury as damages is excessive."   From this order the appeal is taken.

It would be an utter waste of time and effort to consider the appeal at length as the case comes clearly within the well-established principle that when evidence is conflicting the granting or refusing of a new trial rests peculiarly in the discretion of the court below and that the appellate court will interfere only in case of a plain abuse of such discretion and, furthermore, that the party alleging error must show the abuse of discretion.   (*Hall* v. *Bark "Emily Banning,"* 33 Cal. 525.)   The same rule applies to condemnation proceed-

ings as to other civil actions.    (*San Diego Land Co.* v. *Neale,* 88 Cal. 50, [11 L. R. A. 604, 25 Pac. 977].)

The evidence here was essentially, emphatically, and unreconcilably conflicting, as shown by the testimony set forth in respondent's brief, with the repetition of which we deem it unnecessary to burden the record.    There is nothing to indicate that in the order complained of the court abused its discretion.    On the contrary, we must assume that the court acted in good faith upon the conviction that the verdict was unjust, and it must be said that an inspection of the record discloses legal justification for that conviction.

One of the important controverted questions of the trial, to which brief attention will be given, related to probable damages from flood waters that might be held on the severed tract by reason of the construction of plaintiff's proposed railroad.    The consideration was suggested by this interrogatory: "Would the construction of the railroad as proposed and testified to, cause flood waters of the Sacramento River, when they reach the proposed constructed railroad, to hold the waters back upon the lands of Charles Glenn that would not be held if the railroad wasn't there, or wasn't built in accordance with the proposed plan as testified to?"    This was followed by a question whether thereby damage would be caused to the land of said Glenn not sought to be taken. The court at first sustained an objection to each of these questions but afterward changed its ruling and held that such evidence is admissible.    The court stated its reasons for so holding, citing many decisions in support of its opinion. We may refer to only one of these cases in which the rule is undoubtedly correctly stated.    In *Blunck* v. *Chicago & N. W. Ry. Co.,* 142 Iowa, 146, [120 N. W. 737], the supreme court of Iowa said: "The rule of damages is the difference between the value of the land immediately before and after the taking of the right of way. . . . The real question in such cases being how much has the market value of the property been diminished by taking the right of way therefrom, it is manifest that in determining and fixing such damages all matters and conditions which may reasonably be expected to follow the location and operation of the road and affect the value of the land should be considered."    Many illustrations of the rule are given in that and other opinions but we need not reproduce them.    If there is a reasonable probability that the

construction of plaintiff's railroad as contemplated will augment the damage to the land caused by flood waters, of course, this is a circumstance to be considered by the jury in arriving at a proper award. Whether there is such reasonable probability is a matter of opinion based upon certain physical facts which are detailed by some of the witnesses.

From plaintiff's showing the inference would follow that no probable damage would ensue from this source and that the market value of the land would not be affected by this circumstance. For instance, H. M. Mitchell testified: "When the flood waters reach the railroad embankment it would not check its flow. It would deflect the water to the south and change its direction, but it would not hold the waters back at all. The channel, as it now is on the Glenn place, would not be changed. If there was twice as much water held back on the Glenn place east of the railroad right of way, by reason of the construction of the railroad, the channel could not be narrowed and it would not take any longer for the water to pass off the Glenn place than it does now, for under that assumption, it would have four times the velocity and pass off in the same length of time as now. The trestles that we have located on this road will take care of all the water that comes on the Glenn place, no matter where it comes from."

There was expert evidence, however, on behalf of defendant to the effect that the railroad as intended to be constructed would hold back the water on something like four hundred and eighty acres of land. On this assumption the opinion was expressed that the market value would be greatly depreciated. We are not prepared to say that there was no basis for such opinion.

The matter is, of course, somewhat speculative, depending upon various contingencies, but if thereby the market value of the land is diminished defendant has the right to make proof of it, and there is no available method by which to show this fact except through the opinion of competent witnesses. The inquiry should, of course, be very carefully conducted and none but qualified witnesses should be allowed to express an opinion for the assistance of the jury. This character of evidence is generally unsatisfactory and often misleading, but as to this point no different proof seems possible.

We think a new trial may be safely intrusted to the discretion of the learned judge of the lower court without any further suggestions.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.