[Civ. No. 1382.   First Appellate District.—November 9, 1914.]

## CHARLES WALTZ, Plaintiff, Appellant, and Respondent, v. ANNA L. SILVERIA et al., Defendants, Cross Complainants, Appellants, and Respondents.

PERSONAL PROPERTY—CONDITIONAL SALE—DESTRUCTION OF PROPERTY BY FIRE—WHEN LOSS FALLS UPON VENDOR.—In the absence of an agreement to the contrary, the risk accompanies the title to personal property, and where there is a mere agreement to sell, and title therefor has not passed, the loss in case of destruction by fire falls upon the vendor.

ID.—CONDITIONAL SALE OF PERSONAL PROPERTY—NOTES GIVEN—PURCHASE PRICE—FAILURE TO PAY—ELECTION OF REMEDIES—WAIVER.— Upon the failure or refusal of the purchaser under a conditional sale of personal property to meet the payment of notes given under the contract for the purchase price, the vendor has two remedies: he may recover the posession of the property; or, waiving the conditions of the contract, consider the sale absolute, and sue for the balance of the purchase price as evidenced by the notes, but he cannot have both remedies; and where he elects to proceed against the purchaser for the purchase price he thereby exercises his option to treat the transaction as an absolute and completed sale and must be held to a waiver of an alternative condition of the contract to the effect that the purchaser will upon default of the payments provided for, or "in any event," return the property in good condition.

ID.—CONDITIONAL SALE OF FIREPROOF SAFE—DESTRUCTION BY FIRE— ACTION FOR BALANCE OF PURCHASE PRICE—GRANTING NONSUIT PROPER.—In an action on promissory notes given for the balance of the purchase price on a conditional sale of a fireproof safe, where the contract provided that the title to the safe should remain in the vendor until the last of the promissory notes had been paid and that upon default in payment, the purchaser should return the safe to the seller in good order "in any event," where the evidence shows without conflict that the building in which the safe had been placed by the purchaser was, without fault on his part, destroyed by fire, and that as a result of the fire, the safe, without fault on the part of the purchaser, was damaged to such an extent as to render it useless for the purpose for which it was intended, purchased, and used, the safe was destroyed within the meaning of the law, and the court properly granted a motion for nonsuit.

ID.—DESTRUCTION OF SAFE—SHOWING ON CROSS-EXAMINATION OF PLAINTIFF'S WITNESSES—NONSUIT.—In such a case the fact that the destruction of the safe was developed in evidence upon cross-examination of plaintiff's witnesses did not lessen its value as evidence, nor

preclude the trial court from considering it when passing upon the motion for nonsuit.

ID.—CROSS-COMPLAINT—CLAIM FOR DAMAGE TO GOODS IN SAFE—BREACH OF IMPLIED WARRANTY—PROPER GRANTING OF NEW TRIAL.—In such a case, where it was not disputed that the safe was bought and sold as a fireproof safe for the express purpose of safeguarding a stock of jewelry and that the contents of the safe were damaged by the fire that destroyed it, the burden was on the cross-complainant to prove that the cross-defendant had knowledge of the existence of latent defects in the material and construction of the safe, and in the absence of such proof a verdict of the jury in favor of the cross-complainant cannot be sustained upon the theory that it was rightfully based upon proof of the breach of the implied warranty given to a purchaser of personal property by the provisions of sections 1767 and 1769 of the Civil Code, and the trial court properly granted a new trial on this issue.

ID.—WARRANTY OF FITNESS OF PROPERTY FOR PURPOSE INTENDED—CONFLICTING EVIDENCE—ORDER GRANTING NEW TRIAL CONCLUSIVE.—While proof that the safe was destroyed and its contents damaged by fire in such a case was evidence that the safe was not absolutely fireproof, such evidence was neither controlling nor conclusive upon the issue as to whether or not the safe was reasonably fit for the purpose for which it was sold; and where expert witnesses for the cross-defendant testified in effect that the safe was reasonably fireproof, and that neither it nor any other so-called fireproof safe would undergo the fierce flames of an extraordinary fire such as occurred in the present case, without serious damage to the safe and its contents, the evidence was substantially conflicting upon the issue and an order granting a new trial will not be disturbed on appeal.

ID.—NEW TRIAL—GENERAL ORDER—CONFLICTING EVIDENCE—LACK OF ABUSE OF DISCRETION.—In the absence of an apparent abuse of discretion, it is the rule that an order granting a new trial grounded upon insufficiency of the evidence is, in the presence of a substantial conflict in the evidence, conclusive upon the appellate court.

APPEALS from a judgment of nonsuit of the Superior Court of Alameda County and from an order denying plaintiff's motion for a new trial on his first cause of action and an order granting plaintiff's motion for a new trial on defendant's cross-complaint. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

F. M. Parcells, and B. F. Griffins, for Appellant, Charles Waltz.

Mastick & Partridge, C. C. Hamilton, F. I. Lemos, and H. F. Chadbourne, for Appellants John Silveira and Anna L. Silveira.

LENNON, P. J.—The plaintiff in this action sought to recover from the defendants the sum of three hundred and fifteen dollars, alleged to be the balance due and unpaid of the purchase price of a fireproof safe which had 'been sold and delivered to the defendants pursuant to the terms of a contract of conditional sale. The plaintiff was nonsuited, and this appeal in part is from the judgment thereupon entered that the plaintiff take nothing by his action, and from an order denying a new trial.

The material averments of the plaintiff's complaint were admitted by the answer of the defendants; but as a special defense to the action they pleaded the destruction of the safe by fire without fault on their part.

By the terms of the contract the defendants, as part of the purchase price, gave in exchange an old safe valued at three hundred and seventy-five dollars, and paid the sum of one hundred and five dollars in cash. Thereupon the defendants, as required by the contract, executed to the plaintiff twelve promissory notes, each for the sum of thirty-five dollars, payable monthly, with interest at the rate of eight per cent per annum until paid. Only three of the notes were due and had been paid at the time of the fire. After the fire the defendants refused to pay the remaining nine notes, aggregating the sum of three hundred and fifteen dollars, upon the theory that the safe having been destroyed through no fault of theirs, the consideration for the notes had failed.

By the terms of the contract title to the safe was to remain in the plaintiff until the last of the promissory notes had been paid.

It is conceded to be the law that, in the absence of an agreement to the contrary, the risk accompanies the title to property, and that "where there is a mere agreement to sell, and title therefor has not passed, the loss falls upon the vendor." (*Potts etc. Co.* v. *Benedict,* 156 Cal. 322, 324, [25 L. R. A. (N. S.) 609, 104 Pac. 432].) But it is contended that the evidence adduced in support of the plaintiff's case did not show that the safe sold to the defendants had been actually destroyed; and that even if it had been destroyed the nonsuit

should not have been granted because of a covenant in the contract in controversy to return the safe to the plaintiff in good order ''in any event.''

Upon the failure or refusal of the defendants to meet the payment of the notes provided for in the contract, the plaintiff had one of two remedies: he might recover the possession of the safe; or, waiving the conditions of the contract, consider the sale as absolute, and sue for the balance of the purchase price as evidenced by the notes. The plaintiff could not have both remedies (*Parke etc. Co.* v. *White River Lumber Co.,* 101 Cal. 37, [35 Pac. 442]; *Holt Manufacturing Co.* v. *Ewing,* 109 Cal. 353, [42 Pac. 435]; *Muncy* v. *Brain,* 158 Cal. 300, [110 Pac. 945]; *Elsom* v. *Moore,* 11 Cal. App. 377, [105 Pac. 271]). Having elected to proceed against the defendants for the purchase price of the safe, plaintiff thereby exercised his option to treat the transaction as an absolute and completed sale. Consequently he must be held to a waiver of the alternative condition of the contract, to the effect that the defendants would upon default of the payments provided for or ''in any event'' return the safe in good condition.

During the presentation of the plaintiff's case the fact was developed without conflict that the building in which the safe had been placed by the defendants was, without fault on their part, destroyed by fire, and that as a result of the fire the safe, without fault on the part of the defendants, was damaged to such an extent as to render it useless for the purpose for which it was intended, purchased, and used. This being so the safe was destroyed within the meaning of the law. (*Manchester Fire Ins. Co.* v. *Feibelman,* 118 Ala. 308, [23 South. 759]; *Williams* v. *Hartford Ins. Co.,* 54 Cal. 442, [35 Am. Rep. 77]; *London etc. Ins. Co.* v. *Heckman,* 64 Kan. 388, [67 Pac. 879]; *Palatine Ins. Co.* v. *Weiss,* 109 Ky. 464, [59 S. W. 502]; *O'Keefe* v. *London etc. Ins. Co.,* 140 Mo. 558, [39 L. R. A. 819, 41 S. W. 922]; *Thuringia* v. *Mallott,* 111 Ky. 917, [55 L. R. A. 277, 64 S. W. 991].)

The destruction of the safe was a fact developed in evidence upon the cross-examination of the plaintiff's witnesses; but this did not lessen its value as evidence, nor preclude the trial court from considering it when passing upon the motion for nonsuit. The motion for nonsuit was rightfully granted.

The defendant Anna L. Silveira cross-complained against the plaintiff, and for a cause of action alleged substantially

that the safe described in the contract referred to in the plaintiff's complaint was intended and purchased for the express purpose of protecting a stock of watches and jewelry against damage by fire; that the safe was not fireproof and was not reasonably fit for the purpose for which it was sold and purchased, because of certain defects existing in the material and construction of the safe, which were unknown to the defendant and cross-complainant; that owing to the unfitness of the safe for the purpose for which it was agreed to be sold and was sold, a stock of jewelry stored therein was damaged by the fire referred to in the sum of three thousand dollars.

This phase of the case was tried with a jury under a stipulation of the parties that any evidence offered and received upon the whole case should apply to every phase of the case. A verdict for one thousand five hundred dollars was rendered in favor of the defendant and cross-complainant Anna L. Silveira. Thereafter the plaintiff and cross-defendant moved for and was granted a new trial upon this phase of the case. The defendant and cross-complainant has appealed.

The motion for a new trial of the issues involved in the cross-complaint was grounded in part upon the insufficiency of the evidence to justify the verdict. The order granting a new trial was general in its terms, and therefore we must assume that the alleged insufficiency of the evidence to support the verdict in favor of the defendant and cross-complainant appealed to and prompted the court below to grant a new trial. A general order granting a new trial will not be disturbed in the absence of a showing of an abuse of discretion. It would serve no useful purpose to detail the evidence upon which the defendant and cross-complainant relies to support the verdict. It was the defendant and cross-complainant's contention in the court below, and it is her contention here, that the safe in controversy at the time of its purchase and sale contained undisclosed latent defects in its materials and construction, and as a consequence was not reasonably fit for the purpose for which it was sold. In this behalf it will suffice to say that it was not disputed at the trial that the safe in controversy was bought and sold as a fireproof safe for the express purpose of safeguarding a stock of jewelry; and it must be conceded that the evidence adduced in support of the allegations to the cross-complaint shows without conflict that the safe was destroyed and its contents damaged by fire. The

25 Cal. App.—46

fact that the safe was destroyed by fire in the sense that it was no longer fit for the use for which it was intended and purchased may have been some evidence of the existence of a latent defect; but the record is barren of any evidence showing or tending to show that the plaintiff and cross-defendant had any knowledge of the existence of a latent defect in the material and construction of the safe. The burden of proving that fact was at all times on the defendant and cross-complainant; and in the absence of such proof it cannot be held that the verdict of the jury was justified upon the theory that it was rightfully based upon proof of the breach of the implied warranty given to a purchaser of personal property by the provisions of sections 1767 and 1769 of the Civil Code. The case of the defendant and cross-complainant, in so far as it concerned the alleged breach of the statutory warranty, given by section 1770 of the Civil Code, that the safe was reasonably fit for the purpose for which it was sold, was rested upon proof of the fact that the safe was destroyed and its contents damaged by fire. This undoubtedly was evidence that the safe was not absolutely fireproof; but such evidence was neither controlling nor conclusive upon the issue as to whether or not the safe was reasonably fit for the purpose for which it was sold. Upon this phase of the case expert witnesses for the plaintiff and cross-defendant testified in effect that the safe in controversy was reasonably fireproof, and that neither it nor any other so-called fireproof safe could go through the fierce flames of an extraordinary fire such as occurred in the present case, without serious damage to the safe and its contents. In brief, the best that can be said for the defendant and cross-complainant is that the evidence upon the issue under discussion was in substantial conflict; and in the absence of an apparent abuse of discretion, it is the rule that an order granting a new trial grounded upon the insufficiency of the evidence is, in the presence of a substantial conflict in the evidence, conclusive upon this court. (*Domico* v. *Casassa,* 101 Cal. 412, [35 Pac. 1024]; *Von Schroeder* v. *Spreckels,* 147 Cal. 186, [81 Pac. 515]; *Estate of Everts,* 163 Cal. 449, [125 Pac. 1058].)

The judgment and orders appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.