[Civ. No. 3791. Second Appellate District, Division Two.—April 14, 1923.]

## D. I. DROWN, Respondent, v. M. C. HADDOCK, Appellant.

[1] SALES — CONTRACT COVERING DIFFERENT ARTICLES — USE AS HAY-BALING OUTFIT—INSUFFICIENCY OF EVIDENCE.—In an action to recover the amount due on a written conditional sale contract of "1 Admiral Hay Press with 8 H. P. International Harvester Engine attached, and one pair of small platform scales," it cannot be contended that the transfer was without consideration because the three articles would not work as a hay-baler, and were therefore worthless as a hay-baling outfit, in the absence of evidence that the articles were sold for use together as a hay baler, or that each of the articles had not an intrinsic value, either great or small, of its own.

[2] ID.—DESTRUCTION BEFORE PASSING OF TITLE—INSUFFICIENCY OF EVIDENCE.—Evidence in such action to the effect that the articles mentioned in the contract would not work together as a hay-baling outfit and were together worthless when devoted to such a use was not sufficient to establish that the "hay-baling outfit" was destroyed as a whole before title was to have vested in the purchaser under the contract.

APPEAL from a judgment of the Superior Court of Kings County. J. A. Allen, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Nowell & Moran and Russell & Heid for Appellant.

K. Van Zante for Respondent.

WORKS, J.—Defendant purchased from plaintiff, under a written conditional sale contract, "1 Admiral Hay Press with 8 H. P. International Harvester Engine attached, and one pair of small platform scales." These articles were to have been paid for, at a date fixed in the contract, by a certain lump sum, with interest and attorney's fees. Payment not having been made upon the day designated, plaintiff commenced this action to recover the amount due. He had judgment and defendant appeals.

[1] The sole point argued by appellant is that there was a "lack or failure of consideration" for the contract between the parties. Although the agreement listed the articles described in it as we have listed them above, appellant refers to them in his brief, collectively, as a "hay-baling outfit." Treating the subject of the sale as a single thing, that is, as a hay-baling outfit, appellant contends that the transfer was without consideration for the reason that several witnesses testified that the three articles actually listed in the contract of sale would not work as a hay-baler and that parts of the machinery broke down when the attempt was made to use them for that purpose. Appellant's view is that this testimony shows that the hay-baling outfit was worthless. We are pointed to nothing in the record to show that the articles were to be sold as, or that it was understood between the parties that they were together to be used as, a hay-baling outfit. Neither are we shown that each of the three articles had not an intrinsic value, either great or small, of its own. The articles may have been of considerable value, when taken all together, even though some parts of one or two of them may have broken down when they were subjected to the use to which appellant assumed to put them. These considerations render inappli-

cable the cases of *Waltz* v. *Silveria*, 25 Cal. App. 717 [145 Pac. 169], and *Stanton* v. *Weldy*, 19 Cal. App. 374 [126 Pac. 175]. In truth, we cannot perceive that either of these cases has any bearing whatever upon the point now under discussion, although appellant seeks to apply them to it.

[2] It is contended by appellant that the "hay-baling outfit" was destroyed, as a whole, before title was to have vested in him under the contract, and that the loss resulting from such destruction must be borne by respondent. *Waltz* v. *Silveria, supra,* is relied upon to support this contention. The idea that the "outfit" was destroyed is predicated solely of the testimony to the effect that the articles mentioned in the contract would not work together as a hay-baling outfit—that they were together worthless when devoted to such a use. There is no contention that the articles described in the contract, or any of them, were actually destroyed, even in the sense in which that term is employed in *Waltz* v. *Silveria*. The case does not support appellant's contention upon this point.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.