[Civ. No. 3505.   Third Appellate District.—April 23, 1928.]

FRANK SIMPSON, Respondent, v. NEW YORK HARD-WARE TRADING CO. (a Corporation), Appellant.

Marcus L. Roberts for Appellant.

Frank M. Bering and Victor Koenig for Respondent.

TUTTLE, J., *pro tem.*—This action was brought by respondent for the purpose of obtaining a perpetual injunction against appellant, enjoining it from removing an ornamental iron marquee over the entrance of certain premises in the city of Los Angeles, and from erecting or placing a sign over the entrance to said premises. A decree was entered granting said injunction, and appellant now appeals from the judgment and from the order denying a new trial.

The facts of the case may be briefly summarized as follows:

On November 12, 1925, respondent and appellant entered into and executed a lease containing the following provisions, to wit:

"The lessor hereby leases to lessee, and lessee hereby hires and takes of and from lessor, those certain premises in the city of Los Angeles, county of Los Angeles, state of California, more particularly described as follows:

"That certain store room known as 625 South Hill street, Los Angeles, California, together with the basement immediately thereunder, and the yard running to the alley immediately in the rear of said store room; said store room being the northerly half of the ground floor and basement as now partitioned off.

"Lessee shall have the privilege, at its own expense of constructing a one story addition to the rear of said store room running as far as the alley.

"No signs or other advertising matter shall be placed, installed or maintained in or about the demised premises except as follows:

"Such lettering on the windows as may be desired by the lessee, and one sign over the front of the leased premises below the level of the second story floor.

"It is agreed that the lessee may alter the store front, said store front as altered to be the property of the lessor and such alterations to be at the expense of the lessee. . . . "

A rider to said lease contained the following:

"The conditions in the lease of October 1st, 1925, from Frank Simpson to Frank Balzano appertaining to the front and rear stairway and *the right of ingress and egress to and from the second floor of the building in which the demised premises are located are as follows:*

"The second floor of the building known as 625–627 South Hill Street, together with the present stairway about five feet in width running to said second floor from the present doorway at the foot of said stairway, and *the right of ingress and egress* over a space five feet in width from Hill street to said doorway, and the *right of ingress and egress from* the rear of said second floor down the present stairway over a space four feet in width through the yard in the rear of said building as now being used by the 'Victor Hugo.'

"*It is agreed that* if the permission granted to the lessee to construct an addition to said store room is exercised, that such additional construction shall during the life of

*this lease be subject to the easements and rights contained in the Balzano lease ABOVe mentioned and shall be for the benefit of the second floor of said building whether the Balzano lease shall terminate or not."*

At the time said lease was executed, respondent was the owner of a two-story building and lot on South Hill Street, Los Angeles. The ground floor of said building is divided by a solid wall (running east and west) into two rooms or stores. The northerly half of said premises is known as 625 South Hill Street, and this is the portion with which we are here concerned. The entire second floor is occupied by a restaurant and is commonly known as 623½ South Hill Street, and is referred to in the said lease as 625–627 South Hill Street. Access is obtained to the same by means of a stairway in the front thereof, and one in the rear thereof. The front stairway abuts upon the north wall of the said building and on the south side it is separated from the premises leased by a solid wall, which extends some four feet beyond the point where said stairs commence. From this end of said wall the north side of appellant's show window extends to the sidewalk line. The entrance to the premises in the second story is some six feet in width, but on account of the angle at which said window is constructed, it narrows down to some four feet at the point where it joins said wall. The length of said glass window is some six feet. Over the entrance to the second story of said premises is an ornamental metal marquee, more commonly known as a canopy, extending some eight feet over the sidewalk abutting upon said entrance, and being about six feet in width. The said premises on the second floor were leased on October 1, 1925, to one Balzano as a restaurant, and were occupied for that purpose at the time the lease in question was executed.

It will be seen that the said entrance way to said restaurant was entirely separated from the remainder of the store leased to appellant, by means of said wall and said north side of appellant's show window.

After the execution of said lease between the parties hereto, appellant commenced to alter its store front, and in so doing threatened to remove said marquee and to use the portion of the premises to which it was attached for placing, installing, and maintaining a sign, and the purpose

of the suit was to enjoin such action so far as the marquee and sign were concerned.

The grounds for both appeals are the insufficiency of the evidence to support the findings, and there is also an additional contention that the findings fail to support the judgment.

The only issue presented to the trial court for determination was based upon paragraph XIII of the complaint, which reads as follows: "That the hallway and stairway hereinbefore described are not part of the premises demised to defendant."

Not only are the issues thus limited by the pleadings, but this is the position taken by defendant at the trial, as is clearly shown by the following colloquy between court and defendant's counsel:

"The Court: It seems to me that if you have the right to change that window, you would not have the right to change the sign over the entrance-way. That is the real contention here; that is what you are contending about.

"Mr. Roberts: We contend this to be a part of our store front and that we have the right to alterations which would mean we have the right to remove.

"The Court: Am I stating the problem correctly?

"Mr. Roberts: Yes."

The findings of the court which are attacked are:

"Finding XV.

"The Court further finds that said marquee extends out from and is attached to the store front of the premises leased by defendant, and is not so located as to prevent the alteration of said store front.

"Finding XVI.

"The Court further finds that it is not necessary in order to enable defendant to make the proper and necessary alterations permitted by said lease, to remove said marquee, and it has no right under said lease so to do.

"Finding XI.

"The Court further finds that unless defendant is restrained from removing said marquee and from placing a sign over the entrance to said hallway, plaintiff will suffer irreparable injury which cannot be compensated in money damages.

## "Finding XII.

"The Court further finds that the hallway and stairway hereinbefore described are no part of the premises demised to defendant.

## "Finding XIII.

"The Court further finds that the description of the property leased to defendant is as hereinbefore described, and is not the northerly half of the ground floor and basement of the building owned by plaintiff, as divided from the southerly half by the partition now existing and dividing the same, subject to the rights of Frank Balzano herein under that certain lease agreement dated October 1, 1925, from Frank Simpson the plaintiff, to Frank Balzano, to-wit, The second floor of the building known as 625–627 South Hill street, together with the present stairway about five feet in width running to said second floor from the present doorway at the foot of said stairway, and the right of ingress and egress over a space five feet in width from Hill street to said doorway, and the right of ingress and egress from the rear of said second floor down the present stairway over a space four feet in width through the yard in the rear of said building as now being used by the Victor Hugo.

## "Finding XIV.

"The Court further finds that the building owned by plaintiff was at the time of the execution of said lease partitioned off by solid wall dividing the ground floor and basement of said building into the northerly and southerly half, and that the northerly portion of said northerly half was also partitioned off, so as not to include the entrance or stairway to the premises commonly known as 623½ South Hill street, Los Angeles, California; that the premises leased to defendant by plaintiff, includes the northerly half of the basement and the ground floor of said building, except the space on the ground floor occupied by the stairway leading from the ground floor to the second floor and except said space occupied by the entrance to said stairway from the floor of the building to the door at the foot of the stairway, which said door is approximately six feet in from the front line of said building."

The evidence before the trial court was the lease between the parties, and photographs and a blue-print showing

the floor plans of the buildings. One of the photographs showed the buildings during the progress of alterations which appellant was making. These documents disclosed the situation very clearly, and the statement of facts is largely predicated upon them. The oral evidence before the court was extremely brief. The respondent Simpson testified that he was the owner of the premises; that it was a two-story building, the first floor being divided into two stores and the second into one; that the property known as 625 South Hill Street is a part of the building. This was the only witness for respondent. Witness Spooner, for appellant, testified that the partition on one side of the stairway ended at the front of the glass (show window). He was a director of appellant corporation. The other witness for appellant, Guerrant, testified that he was president of appellant and that he executed the lease for the corporation.

The position of appellant is that it was entitled to remove said marquee and to use the portion of the premises above the entrance described, *supra,* for the reason that its lease covered that particular portion of the building. The purported authority for so doing is based upon the provision of the lease which refers to the premises demised as "being the northerly half of the ground floor and basement as now partitioned off." The question as to just what property was covered by the lease thus becomes one of fact for the determination of the trial court upon the evidence adduced at the trial, and extrinsic evidence was introduced for that purpose. The photographs and blue-print delineate the partition. It is contended that because a portion of the "partition" is composed of glass, that therefore no partition existed. We are not aware of any definition which restricts the word "partition" to any particular substance. It need only to partition, that is to say to separate one space from another, and if it does that it is unquestionably a partition, regardless of the materials of which it is constructed.

The question is not one solely of law, as contended for by appellant. The lease would be meaningless unless evidence was introduced to show the extent of the demised premises "as now partitioned off." The court having found adversely to the contention of appellant on this ques-

tion of fact and there being substantial evidence in the record to sustain this finding, the inquiry, so far as this court is concerned, is ended, and we cannot disturb the conclusion reached in respect thereto. (*Taylor* v. *United States Fid. & Guar. Co.*, 86 Cal. App. 382 [260 Pac. 898]; *Gjurich* v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464].)

It is claimed that the court erred in the construction of the lease in respect to certain reservations made in favor of the lessee of the second story. The "rider" attached to the lease made the same subject to certain easements and rights contained in a lease between respondent and the said lessee of the second story. The easements referred to are those of ingress and egress over a space between the foot of the stairs leading to the second story and Hill Street, said space being five feet in width on Hill Street. Appellant contends that this clause indicated an intention on the part of his lessor to lease him the said entrance way subject only to said easement.

It is no doubt the rule, as appellant states, that "the scope, purpose and effect of the lease must be determined from a consideration of it as a whole, rather than a resort to any individual clause thereof." (*Lang* v. *Pacific Brewing Co.*, 44 Cal. App. 618 [187 Pac. 81].) Another clause in the lease described the property "as now partitioned off," and, as we have pointed out, the court located the partition by extrinsic evidence, and thus definitely settled the matter, which was purely a matter of fact, and not open for further consideration here.

In connection with the objection made by appellant that the findings fail to support the judgment it is pointed out that one of the findings made by the trial court is as follows:

"That said marquee extends out from and is attached to the store front of the premises leased by defendant" (Clk. Tr., p. 45), and appellant contends that this finding justifies this court in directing the trial court to enter a judgment in its favor. As the court expressly found "that the hallway and stairway were no part of the leased premises and that appellant has no right under said lease to remove said marquee," the finding attacked might well be construed as referring merely to the fact that the marquee is attached to the building of which the leased portion is a part. The

other findings leave no doubt as to the position and determination of the trial court on this question, nor has appellant taken the position that the said findings cannot be harmoniously construed. "Findings are to be liberally construed in support of a judgment, and if possible, are to be reconciled so as to prevent any conflict upon material points, and unless the conflict is clear, and the findings are incapable of being harmoniously construed, a judgment will not be reversed upon the ground of a conflict in the findings." (*Goodwin* v. *Snyder,* 70 Cal. App. 98 [232 Pac. 763].) We see no merit in this contention.

The motion for new trial was made upon the ground of the insufficiency of the evidence to support the findings, and this question has been fully covered. Motions of this character, based upon the insufficiency of evidence, are addressed to the sound discretion of the trial court, and its action will not be disturbed unless the record shows an abuse of such discretion. (*Waltz* v. *Silveria,* 25 Cal. App. 717 [145 Pac. 169]; *Colusa etc. R. R. Co.* v. *Glenn,* 25 Cal. App. 634 [144 Pac. 993].) We cannot say that the court abused its discretion in denying the motion.

We are satisfied that the judgment of the trial court was in all respects just and correct.

The judgment and order are affirmed.

Hart, Acting P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

All the Justices concurred.