[Civ. No. 58. Fourth Appellate District.—November 19, 1929.]

CAMPBELL CHEVROLET COMPANY (a Corporation), Respondent, v. PAUL WALSH, Appellant.

Honnold & Hubbell for Appellant.

S. G. North and H. B. Daniel for Respondent.

BARNARD, J.—This is an action to recover the balance due on a contract for the sale of an automobile from plaintiff to defendant.

The complaint sets up a conditional sales contract reserving title in the vendor; alleges the default of the defendant in making several monthly payments and asks judgment for the remainder of the purchase price. The answer admits practically all of the allegations of the complaint, but denies that any sum is due, and as a separate defense sets up one paragraph of the agreement between the parties, which reads as follows:

"It is distinctly understood and agreed that during the term of this contract, the automobile herein agreed to be sold shall not be used for the transportation of intoxicating liquors, drugs or narcotics, and shall not be used in or about the violation of any United States, state or municipal statute law or ordinance. Any violation of this provision shall forthwith terminate this contract and any and all rights of the purchaser in or to said automobile and the possession thereof, and without notice or demand of any character, the owner shall take immediate possession of said automobile and all accessories, using all necessary force so to do, and any and all rights of the purchaser in or to said automobile or the possession thereof shall thereupon be immediately forfeited and the owner shall be and become the

sole owner of the same and each and every part thereof and right and interest therein and shall be alone and solely entitled to the possession thereof, and all payments previously made by the purchaser shall be retained for depreciation in value and for the use of said automobile, and the purchaser hereby waives all rights to the moneys so paid and all rights against the owner for taking possession of said automobile.''

It is then alleged that the automobile in question was seized by officers of the United States of America, while the same was, without the knowledge or consent of defenddant, transporting intoxicating liquor in violation of a United States law, and that the said automobile is now held under a libel filed against it by federal authorities.

A general demurrer was filed to this answer, as was also a motion to strike the separate defense and for judgment on the pleadings. The motion for judgment on the pleadings was granted, and this is an appeal by the defendant from the judgment that followed. Appellant insists that by reason of the facts set forth in his separate defense, as above referred to, the contract for the purchase of the automobile has been terminated, is of no force and effect, and that he is exonerated from further liability thereon.

It is first urged that this is true, because the rule, as followed in California, places the risk of loss upon the vendor where property sold under conditional sale contract is lost or destroyed without the fault of the vendee in possession. (See *Potts Drug Co.* v. *Benedict*, 156 Cal. 322 [25 L. R. A. (N. S.) 609, 104 Pac. 432, 437]; *Waltz* v. *Silveria*, 25 Cal. App. 717 [145 Pac. 169].) This rule is applied, not only in the cases just named, but generally, to instances where the subject matter of the contract was destroyed or so damaged as to be unfit for use, as, for instance, by fire. Whether it would apply to such a *loss* as here existed, where the article involved is neither lost, destroyed or damaged, but taken under process of law, we seriously question. However that may be, two considerations prevent the rule from being of assistance to appellant here. ▮ The rule applies only when it appears the loss or destruction occurred without fault on the part of the vendee; and then only ''in the absence of an agreement

to the contrary." (*Potts Drug Co.* v. *Benedict, supra; Waltz* v. *Silveria, supra*).

In the first sentence of the quoted paragraph appellant agrees that the automobile entrusted to his care shall not be illegally used, in the sense referred to. Under his contract it was therefore incumbent upon him to at least use reasonable care to prevent such use. While he says its use for that purpose was without his knowledge or consent, no facts are set up to excuse his breach of contract in the respect mentioned, and none to show that he was free from negligence, gross or otherwise. In any event, the parties here have themselves agreed to the contrary of the rule relied on and have provided where the loss shall fall. The contract contained the following provision:

"The *loss* or destruction or theft of, or damage to, said automobile, *from any cause*, are at purchaser's risk, and *shall not relieve the purchaser from his obligation to make all payments* herein specified." (Italics ours.)

Appellant has in writing agreed that he should not be relieved from making payments because of any loss of the automobile, from any cause whatever.

 It is next argued that, under its own terms the contract has been terminated; that the only right of respondent under the provision of the contract, as above quoted, was to retake possession of the machine if he could, and that appellant is exonerated from further liability. This contention is based on the assumption that the one paragraph of the contract, set up in the special defense, governs the entire contract, and is controlling in this case. This argument is without merit. The law abhors a forfeiture and it would be strange indeed if the law could be invoked to compel a party to accept a forfeiture, without his seeking it, especially when, so far as appears, he does not even know of the existence of facts which might entitle him to one, until after he has exercised his election to stand on the contract, and sue for the purchase price.

In the case of *Knarston* v. *Manhattan Ins. Co.*, 140 Cal. 57 [73 Pac. 740, 741], it is said: "It (an insurance policy) is more in analogy to a lease or vendor's contract, with condition of forfeiture contained therein, with reference to which it has invariably been held that the right to declare

a forfeiture, being a matter entirely for the benefit of a lessor or vendor can be, even by parol, effectively waived by either. . . . The law will not compel a man to insist upon any benefit or advantage secured to him individually.''

■ Appellant claims the provision in question could not be waived because it provides that, in the event this provision is broken, the contract shall *terminate;* but the case last cited held that, although a policy of insurance provided that it should be *void* in a certain event, this provision could be waived. The respondent had the right, under the law, to waive the provision relied upon, even had the right to do so not been specifically given in the contract. (*Johnson* v. *Kaeser,* 196 Cal. 686 [239 Pac. 324].) But again, the contract in question specifically covers that point. The last clause of the agreement reads as follows:

"The waiver by the owner of any breach of any covenant or agreement herein contained on the part of the purchaser shall not be deemed or held·to be a waiver of any subsequent or other breach of said covenant or agreement, nor a waiver of any other covenant or agreement herein contained.''

■ As appears from the pleadings, the respondent waived the provisions of the clause relied on by appellant, by filing this suit. No other notice of his election to so do was necessary. (*Johnson* v. *Kaeser, supra.*)

The contract in question is quite lengthy, and effect cannot be given to one clause alone, without consideration of the remainder of the agreement.

"The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.'' (Civ. Code, sec. 1641.)

"Particular clauses of a contract are subordinate to its general intent.'' (Civ. Code, sec. 1650.)

"Repugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clauses, subordinate to the general intent and purpose of the whole contract.'' (Civ. Code, sec. 1652.)

The agreement, in addition to the provisions already quoted, also contained the following:

"If said purchaser defaults in any of the above payments, when due, or defaults in any provision of this contract, or if said automobile is attached or levied upon under any writ or process of any court, or if said purchaser is declared a bankrupt, said owner may, at his option, without previous demand or notice, (First) Retake possession of said automobile and all its new and old equipment and accessories, with or without process of law; and all payments theretofore paid hereunder shall thereupon be forfeited to said owner for the use, wear, tear and depreciation of said automobile, and this contract shall thereupon terminate and all rights of purchaser in this contract and said automobile shall thereupon cease, and are hereby waived; or (Second) Said owner may declare the whole of the sums then remaining unpaid to be immediately due and payable, and sue therefor; . . . "

Viewing the contract as a whole, it contains definite provisions that the clause relied upon by appellant might be waived by respondent; that any loss or destruction of the machine from any cause, should not relieve the purchaser from making the agreed payments; and that respondent, upon the violation of any provision in the agreement, might elect either to retake the property or sue for the balance of the purchase price. It is plain that the general intent and purpose of the whole agreement is, not that the paragraph relied on by appellant shall control and govern all other provisions of the contract, but that this provision shall itself be modified and governed by the other provisions referred to.

It is argued that the vendor cannot have both the property and the purchase price. He neither has nor is seeking both, nor is there any obligation upon him to seek to get the property back from the government. Under his contract, appellant assumed the very risk from which he here attempts to escape, and he should have guarded against the use of the automobile in the illegal manner described.

The judgment is affirmed.

Sloane, P. J., and Marks, J., concurred.