[Civ. No. 3462. Third Appellate District.—June 25, 1928.]

MYRTLE SPRINGER et al., Respondents, v. PACIFIC FRUIT EXCHANGE (a Corporation) et al., Defendants; JOHN FRANZOIA, Appellant.

Irving D. Gibson for Appellant.

Evan J. Hughes for Respondents.

PRESTON, J., *pro tem.*—This is an appeal by defendant John Franzoia from an order granting plaintiffs a new trial after a jury had rendered a verdict in his favor in an action against him for damages for personal injuries.

This action was originally brought by plaintiffs against the Pacific Fruit Exchange, a corporation; the appellant John Franzoia and two fictitious defendants.

Plaintiffs alleged in their complaint, among other things: that "at the time of the accident, a Buick automobile owned

by Pacific Fruit Exchange was in charge of S. J. Ritchie, an employee of said exchange, and was being operated by Ritchie in the course of his employment; that defendants so carelessly drove their automobiles, that they ran into and collided with the car in which plaintiff Myrtle Springer was riding, and as a direct result of said negligence of defendant plaintiff Myrtle Springer was injured,'' etc.

Both appellant and the Pacific Fruit Exchange answered. When the case was called for trial plaintiff's counsel in open court dismissed the action as to the Pacific Fruit Exchange and proceeded to trial against appellant John Franzoia alone.

The jury returned a unanimous verdict in favor of the appellant John Franzoia. Subsequently, upon motion of plaintiffs, an order was made granting a new trial as against Franzoia, on the ground of insufficiency of the evidence to support the verdict. The appeal is from this order.

█ The rule is well established that the granting or denying a new trial on the ground that the evidence is insufficient to justify the verdict, where there is a substantial conflict in the evidence, rests so fully in the discretion of the trial court that its action is conclusive upon this court, unless it appears that there has been an abuse of discretion. (*Domico* v. *Casassa,* 101 Cal. 413 [35 Pac. 1024]; *Warner* v. *Thomas etc. Works,* 105 Cal. 411 [38 Pac. 960]; *Eidinger* v. *Sigwart,* 13 Cal. App. 667 [110 Pac. 521]; *Bjorman* v. *Fort Bragg Redwood Co.,* 92 Cal. 500 [28 Pac. 591]; *Waltz* v. *Silveria,* 25 Cal. App. 717 [145 Pac. 169]; *Colusa R. R. Co.* v. *Glenn,* 25 Cal. App. 634 [144 Pac. 993]; *People* v. *Petros,* 25 Cal. App. 236 [143 Pac. 246]; *Gordon* v. *Roberts,* 162 Cal. 506 [123 Pac. 288]; *Rosenberg* v. *Moore,* 194 Cal. 392 [229 Pac. 34]; *Bledsoe* v. *Decrow,* 132 Cal. 312 [64 Pac. 397].) Appellant admits the correctness of this rule but insists that in this case there is no evidence that would support a verdict against him and, therefore, the trial court abused its discretion in granting a new trial to plaintiffs.

█ If there is no sufficient material evidence upon which a contrary verdict could be based, the order granting a new trial cannot be sustained on appeal. (*Harvey* v. *Machtig,* 73 Cal. App. 667 [239 Pac. 78]; *Empire Investment Co.* v. *Mort,* 169 Cal. 732 [147 Pac. 960]; *Wendling Lumber Co.* v. *Glenwood Lumber Co.,* 153 Cal. 411 [95 Pac. 1029].) On

the contrary, if the case be one where a verdict in favor of the moving party would have had support in the evidence, the judge of the trial court is vested with absolute discretion in the matter and it would be his duty to grant a new trial if he is not satisfied with the verdict, and this court will not interfere with the action of the trial court in such a case, even if it believes that the weight of the evidence was the other way. (*Condee* v. *Gyger*, 126 Cal. 546 [59 Pac. 26]; *Wendling Lumber Co.* v. *Glenwood Lumber Co.*, *supra*; *Curtiss* v. *Starr*, 85 Cal. 376 [24 Pac. 806]; *Bjorman* v. *Fort Bragg Redwood Co.*, *supra*.)

With these rules in mind, the record has been examined with a view to determining whether it can be said that the trial court abused its discretion in granting the motion.

Appellant strenuously contends that there is a total failure of proof of negligence, and particularly any negligence whatever on his part, which was the proximate cause of the injury to plaintiff Myrtle Springer.

The plaintiff Myrtle Springer was injured when a Buick touring car owned by defendant Pacific Fruit Exchange and driven by its employee S. J. Ritchie collided with a Franklin automobile driven by J. M. Bryan, in which plaintiff and others were riding. The Buick was traveling west and the Franklin car east. The accident occurred about 5:30 P. M. on Sunday, September 27, 1925, on the state highway in Yolo County, about three miles west of the city of Sacramento and at a point near a gasoline service station abutting the highway, known as "Hart's Service Station." The appellant Franzoia, prior to the accident, had parked his Peerless automobile off of the paved portion of the highway and on the private property or private driveway of the "Hart Service Station," and was headed west. Franzoia started his machine and turned it toward the highway and was attempting to drive on to the paved portion of the highway. A Buick automobile, driven west by said Ritchie, was approaching from the east on the right or north half of the eighteen-foot pavement. Many other machines were going east on the left or south half of the pavement. Franzoia's automobile had gone on to the pavement a distance of about three feet at the time it came in contact with the oncoming Buick. At the time the Peerless and Buick came together both machines were moving, the Peer-

less very slowly and the Buick very fast, but according to Ritchie about twenty-five miles per hour, and came in contact with one another at an angle of about forty-five degrees, and on the right or north half of the pavement, both machines being headed in a general westerly direction. The left front wheel and fender of the Peerless came in contact with the right front wheel and fender of the Buick. The Buick, after colliding with the Peerless, went in a southwesterly direction across the highway a distance of about thirty or forty feet, and hit a stage-coach which was moving east on the south side of the highway and entirely off of the paved portion thereof. After hitting the stage-coach back of the front seat, knocking a hole in the gasoline tank, tearing off part of the running-board and back fender, and knocking the back wheel out of line, the Buick, apparently uninjured, did not stop, but veered back to about the center of the highway and traveled west on the paved portion thereof about forty or fifty feet, and then turned south again and hit the rear end of a Franklin automobile that was moving east on the south side of the paved highway, and in which plaintiff Myrtle Springer was riding, overturning the Franklin and inflicting serious and permanent injuries upon plaintiff. There is no evidence in the record that the Buick was injured until it ran into the Franklin, and in this collision the radiator, front left wheel and fender on the left side of the Buick were demolished. The Buick, after hitting the Franklin, continued west for about thirty feet and when it came to a standstill was headed off the pavement to the southwest. The Franklin was also badly damaged.

Mr. Ritchie, the driver of the Buick, testified that he was within twenty-five or forty feet of the Peerless when he first saw it approaching the paved portion of the highway in front of him; that he immediately applied the footbrake and held fast to the steering wheel; that at this time about three feet of the front portion of the Peerless car was on the pavement and that the driver was looking straight ahead and gave no signal that he intended to enter the highway, and that there was no automobile between his machine and the Peerless when he first saw the Peerless, and that the front wheel of his car came in contact with the left wheel of the Peerless. He further testified that when his machine came in contact with the Peerless, his machine skidded across the

highway and struck the stage, which was traveling east, and he made every effort to steer his car in the middle of the road, but it would not respond to his efforts after he collided with the Peerless.

The respondents contend that the Peerless car driven by appellant incapacitated the Buick and its driver and forced the Buick off its course, and upon the left side of the highway, and rendered it uncontrollable by the driver. There is no testimony in the record, except that given by Ritchie, that the contact of the Peerless with the Buick in any way accelerated the motor of the Buick, and no evidence at all that any part of the steering gear or machinery of the Buick was injured, or that Ritchie himself was incapacitated by the collision with the Peerless.

Counsel for appellant contends that if it be admitted that appellant was negligent in not giving the proper signal when he came upon the paved portion of the highway, still such negligence was not the proximate cause of the injury to plaintiff. ■ The law is, of course, well settled that before negligence can be actionable, a causal connection, which proceeds in an unbroken course to the very point of the infliction of the injury, must be shown between the negligent act and the injury; for no matter how negligent a defendant may have been in the abstract, a cause of action is not made out unless that negligence is in some way fastened to the particular injury for which recovery is sought.

■ The Motor Vehicle Act (Stats. 1923, p. 517, and Stats. 1925, p. 398), section 131, subdivision b, provides: "The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on said highway."

It was therefore the duty of appellant, the operator of the Peerless, to yield the right of way in order to avoid the collision with the approaching Buick.

We think the evidence is sufficient to show that appellant failed to give any signal of his intention to enter the paved portion of the highway, and that he also failed to look out for the approaching Buick and to yield the right of way to avoid the collision with the Buick. Appellant was, therefore, guilty of negligence.

We also think, from a careful examination of the record, that there is abundant evidence to warrant the court or jury

in finding that Ritchie, the driver of the Buick, was traveling at a dangerous and excessive rate of speed when he collided with appellant's Peerless, notwithstanding his testimony to the contrary. If Ritchie had been traveling at a lawful rate of speed and had his car under control, he could have avoided the collision with the appellant. On the other hand, if appellant, when he approached the paved portion of the highway, had looked in the direction from which the traffic was coming, he would have seen the approaching Buick and could have waited until it passed him, and thus have avoided the collision. The court or jury would, therefore, be warranted in saying that appellant and Ritchie were both negligent and that their concurrent negligence caused the collision between their two cars. This being true, the appellant would be a participant in whatever injury might reasonably follow from his negligent acts. The Peerless deflected the Buick from its course, and as the Buick veered from one side of the road to the other it finally came in contact with the Franklin and caused the injury to plaintiff.

The next question that arises is this: Was the negligence of appellant one of the direct contributing causes to plaintiff's injury, or was it the independent negligence of Ritchie, after he had collided with appellant, that was the sole cause of the injuries to plaintiff? We think this is a question of fact to be determined from all the evidence in the case.

Mr. Justice Henshaw, in the case of *Merrill* v. *Los Angeles Gas & Electric Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 111 Pac. 534], in discussing the proximate cause of an explosion, used an illustration which we think is applicable to the case at bar, to wit: An explosion occurred outside of a vessel which caused a leakage in the hold of the vessel through which sea water entered and damaged some goods. A logician would say that the sea water damaged the goods, while the law would say that the explosion was the proximate cause of the damage, and whosoever caused the explosion would be liable.

In 19 California Jurisprudence, page 573, it is said: "Although, in order to be concurrent, the negligence of two persons must be simultaneous, a primary act of negligence may be so continuous in its character that it conjoins with

an act of negligence of another committed at a much later date.''

In order that the independent negligence of Ritchie might constitute the sole proximate cause of the injury to plaintiff and displace the original negligence of appellant, it must appear from the evidence that Ritchie's negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way *the natural or probable consequence of the original negligence of appellant.* Therefore, how far the Buick car might go after it collided with the Peerless before the driver would be chargeable as an independent actor, would also be a question of fact.

When we consider the evidence as disclosed by the record in the light of the foregoing well-established rules, we cannot say, as a matter of law, that the injuries to plaintiff were caused either by the concurrent negligence of appellant and Ritchie, or by the independent negligence of Ritchie, for, as heretofore stated, this is a question of fact for the court or jury. While we think that the greater weight of the evidence favors the contention of appellant, that plaintiff's injuries were caused by the independent negligence of Ritchie, still, there is substantial evidence in the record to support a finding that plaintiff was injured by the concurrent negligence of both appellant and Ritchie. If plaintiff was injured by the concurrent negligence of both appellant and Ritchie, then each is and both are the proximate cause of her injuries, and she may recover from either or both at her election. (*Merrill* v. *Los Angeles Gas & Electric Co., supra*; Shearman & Redfield on Negligence, 3d ed., sec. 338a; *Doeg* v. *Cook,* 126 Cal. 213 [77 Am. St. Rep. 171, 58 Pac. 707] ; *Keiper* v. *Pacific Gas & Electric Co.,* 36 Cal. App. 362 [172 Pac. 180] ; *Lininger* v. *San Francisco etc. R. Co.,* 18 Cal. App. 411 [123 Pac. 235] ; *Muller* v. *Hale,* 138 Cal. 163 [71 Pac. 81] ; *Blackwell* v. *American Film Co.,* 48 Cal. App. 681 [192 Pac. 189] ; *Spear* v. *United Railroads,* 16 Cal. App. 637 [117 Pac. 956; *Noce* v. *United Railroads,* 53 Cal. App. 512 [200 Pac. 819] ; *Martin* v. *Southern Pacific Co.,* 44 Cal. App. 3 [185 Pac. 1030] ; *Hansen* v. *Market St. Ry. Co.,* 64 Cal. App. 426 [221 Pac. 955].)

Therefore, there being sufficient evidence to support a conclusion contrary to that reached by the jury, we are not

authorized to hold that the trial court abused its discretion in granting plaintiffs a new trial.

The order appealed from is, therefore, affirmed.

Hart, Acting P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 25, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1928.