[Civ. No. 7285. First Appellate District, Division One.—August 4, 1931.]

RALPH E. FISHMAN, Respondent, v. TONY SILVA et al., Appellants.

LEONE ETTLING, Respondent, v. TONY SILVA et al., Appellants.

2

O'Connor,· Fitzgerald & Moran and Kirkbride, Wilson & Brooks for Appellants.

Jesse H. Miller for Respondents.

PARKER, J., *pro tem.*—The above actions grew out of an automobile accident which occurred in San Mateo County. Inasmuch as both cases involved the same accident and the witnesses were the same in each, there was an order of consolidation in the court below. The cases were tried together and the appeals are presented through one bill of exceptions, under stipulation.

The accident referred to was a collision between the Ford car driven by defendant Silva and a Studebaker car driven by the defendant Harris. The plaintiffs were passengers in the Harris car. The cases were tried by the court, sitting without a jury. There is no serious question involving claimed errors in the admission or rejection of testimony; no claim of contributory negligence, nor any point raised as to the amount of damages awarded. The fact of the collision is conceded and appellants practically admit that one of the two defendants was guilty of negligence proximately causing the accident. As is quite frequently the case, each defendant attempts to absolve himself and fasten the entire blame upon the other. It is needless to add, as in all such cases, there is presented a wide field for argument, the main theme of which is physical facts and the so-called immutable laws of physics. Contentions based on these foundations are usually not convincing, strange as it may seem, for the simple reason that in partisan presentation there is an ever-present temptation to forget essential facts which do not fit in. For instance, where it is argued that where there is a contact of two bodies in a given position, the direction of the applied force will control the position of the bodies after the impact, any rule or law, in the abstract, will be found of little value when we have the additional factors of each body in motion and controlled by independent agencies. Experience has shown the futility of attempted demonstration in accident cases; there are too many varying factors. Among these variants we may class indefinite rate of speed, condition of the highway, judgment or lack thereof in the drivers, a direct blow or a glancing one, and the balance or equilibrium of each car at the time of impact. Therefore we deem it unimportant to catalog the contentions of the respective parties or to detail the arguments of each.

The trial court found that the accident, with its resultant injuries and damage to plaintiffs, was proximately caused by the concurrent negligence of both defendants. If there is sufficient evidence, competent and free from legal objection, to support this conclusion, our inquiry on this subject ends. We may repeat that the Silva car was a Ford and the Harris car a Studebaker. Throughout the entire case these cars were referred to by name and hereafter we will follow the same plan. The accident occurred on the morning of January 1st at or about the hour of 2 A. M., and all of the parties had been observing the time-honored custom of greeting the arrival of the New Year. The scene of the accident was the state highway between San Mateo and San Francisco. The highway at this point is quite wide and is divided into four lanes of traffic—the outer two lanes being eight and one-half feet in width and designated as slow traffic lanes, and the inner two lanes, one on each side of the center of the highway, being nine and one-half feet in width and designated fast traffic lanes. The Studebaker was going in a southerly direction and the Ford was traveling in a northerly direction. There had been a rain in the evening and at the time of the accident there was still a light downfall. The highway was wet. In this connection we may note that the slow lanes were concrete surface and the fast lanes asphalt. The record further indicates that in wet weather the asphalt was very slippery. As to the foregoing all parties seem to be in harmony, but from this point they at once enter the field of controversy.

■ It is argued that, inasmuch as the testimony of the parties to the accident is so in conflict, it follows one must be deliberately falsifying, and that after determining which one is guilty his testimony should be entirely disregarded and count for naught. This is not necessarily true. Without attempting any extended analysis it may be safely said that we often meet with witnesses honestly stating as true facts which are not in accord with the actual happening. It would take us through all of the ramifications of metaphysics and psychiatry were we to go further into the discussion on this point. And even where it is shown that a witness wilfully testifies falsely as to a material fact it does not follow that his entire testimony must be distrusted, though the court has the discretion so to do. The true

theory is that it is the duty of the court to weigh and consider all of the testimony adduced and, discarding that which in its opinion is unworthy of credence, attempt to reconcile whatever conflict remains. In the instant case the defendant Silva and the person who was with him in the Ford at the time of the accident both claim that the Ford was on the extreme east side of the highway, in the slow lane, going north at a speed of not more than fifteen miles per hour; that suddenly out of the darkness, coming apparently from nowhere, without warning signal or lights apparent, the Studebaker collided with the Ford. The defendant Harris claims that he was driving the Studebaker on the west side of the center line, in the last lane, going south; that his speed was approximately thirty miles per hour, and that suddenly in front of him, proceeding directly toward him and in the same lane, the Ford appeared; that he did not see the lights of the Ford until it was within twenty-five feet or less and he was unable to escape.

However, the trial court had other testimony and other evidence before it which did tend, in a measure, to explain this conflict and, without detailing the testimony of each witness, the record as a whole, supports a finding of the following facts, in addition to those facts already stated on which there is no disagreement: That the Studebaker was driving south on a wet and slippery pavement at a speed between thirty-two and thirty-five miles per hour; that there was another car, referred to as a Chevrolet, proceeding in the same direction and some short distance ahead of the Studebaker; that the Studebaker followed along behind the Chevrolet for a little distance and then attempted to pass; that before such attempt both cars were traveling in the slow lane. In attempting to pass, the Studebaker was turned into the fast lane and had proceeded to a point where the hood of the Studebaker had reached the front part of the Chevrolet when the impact occurred. The falling mist and the wet condition of the pavement had obscured the painted lines marking off the center of the highway and the lanes, and the testimony of one member of the party in the Studebaker left it doubtful whether this car remained on the right side of the center line or traveled astride the line. The Ford car traveling north was, for a

considerable or at least some distance, in the fast lane east of the center line. At a point a short distance from the point of collision the driver of the Ford turned his car in a westerly direction straddling the center line and continued this course up to the time of the accident. When a head-on collision seemed imminent the driver of the Studebaker swerved to the right in an effort to avoid it. He had succeeded in getting the front part of his car over but the left rear and the Ford came together. The point of impact was on the east side of the center.

As the record discloses sufficient evidence to support the foregoing findings implied in the judgment, there is little room for argument as to the negligence of both parties. Primarily, and in the absence of other specifications of negligence, the court was warranted in finding lack of ordinary care manifested in an attempt to pass another vehicle on a rainy night at a speed of thirty-two miles per hour on a wet and slippery pavement, on a highway of traffic such as the record discloses was present on the night in question, it being shown that many cars were passing in both directions. And this becomes more apparent from the testimony of Harris, driver of the Studebaker, that he did not see the lights of the Ford until within twenty-five feet of it. And, the evidence supporting the conclusion that in thus making the turn to pass the Chevrolet the Studebaker did cross the center line, the negligence becomes definitely established. We find then the Studebaker proceeding on the highway partly on its right portion of the pavement and partly on the portion reserved for traffic approaching, the driver thereof charged with a knowledge that the portion wrongfully usurped was for the use of and then being used by cars coming in an opposite direction. At the same time we find the Ford in exactly the same situation. Manifestly, as a result of the combined negligence of both the collision occurred. ■ It is the common argument of each defendant that if the other had not been negligent no accident would have happened and therefore each assigns the negligence of the other as the proximate cause. We can see no merit in these respective contentions. The question of comparative negligence is suggested but deserves no further comment than to note the fact of its being presented. Conceding the negligence of one to have been greater negligence,

still in this state the courts do not recognize the principle of law relating to comparative negligence that obtains in some of our sister states. (*Tucker* v. *United Railroads*, 171 Cal. 702, 705 [154 Pac. 835], and cases therein cited.)

We are satisfied that the facts as disclosed warrant and support the judgment of the court below that the proximate cause of the collision was the concurrent negligence of both parties. The question of whether the negligence of two defendants is independent or concurrent is generally one for the trial court; and if there be evidence to support it the finding is conclusive on this court. (*Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732 [268 Pac. 951].)

In order that the independent negligence of one of the defendants might constitute the sole proximate cause of the injuries to plaintiff and displace the negligence of the other, it must appear from the evidence that such negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way the natural or probable consequence of the negligence of him thus urging his nonliability. (*Springer* v. *Pacific Fruit Exchange, supra*, p. 739.) It is the unquestioned law of this state that where one is injured by the concurring negligence of two persons, each is and both are the proximate cause of the injuries, and the injured party may recover from either or both at his election. And in the case just cited will be found a collection of authorities announcing this rule.

"Whether or not the negligence of either driver was a proximate cause of the collision and resultant injuries and whether or not the negligence of each concurred with that of the other is a question of fact to be decided by the jury" or by the court where no jury is present, and where there is evidence to support the determination so made it cannot be disturbed even though the facts would warrant a different conclusion. (*Dougherty* v. *Ellingson*, 97 Cal. App. 87, 93 [275 Pac. 456].) The law was enacted to prevent the kind of catastrophe which here happened. "Who may say, but the triers of fact, that if the law had been observed the injury would nevertheless have happened, or that the failure to comply with the law did not contribute proximately to the injury." (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290, 296 [244 Pac. 1077, 1079].) "It is the well-established law that the original wrongful act may be so

continuous that the act of a third person precipitating the disaster will, in law, be regarded not as independent, but as conjoining with the original act to produce the accident." (*Rauch* v. *Southern Cal. Gas Co.*, 96 Cal. App. 250, 255 [273 Pac. 1111, 1113]; *Merrill* v. *Los Angeles Gas & Elec. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Carroll* v. *Central Counties Gas Co.*, 74 Cal. App. 303 [240 Pac. 53].) And finally, where an injury results from two separate and distinct acts of negligence by different parties, operating and concurring simultaneously, both are the proximate cause, and recovery may be had against either or both of the responsible parties.

■ Appellant Silva complains of the action of the trial court in awarding plaintiff Fishman the sum of $20 as special damages on account of the loss of his glasses in the accident. The ground of complaint seems to be that in securing the new glasses Fishman did not exactly duplicate the old ones, but got a little stronger lens. Appellant seems content with merely stating his objection, urging no grounds in support thereof. Under the facts we think the award was properly made. ■ Appellant Silva next contends that the trial court erred to his serious prejudice in excluding certain proffered testimony. This appellant at the trial produced a witness named Frey who testified that he was a garageman and mechanic; that he had much experience in repairing wrecked cars and particularly in towing in wrecks from this highway, having brought in as many as twenty a week; that this experience ran over a period of nine years in that locality. With this background it was sought by this appellant to qualify the witness as an expert to testify as to his opinion concerning the probable course the respective cars would take after the impact. The court sustained the objections of all other parties to the action on the grounds that it was not a proper subject for expert testimony; that no proper foundation had been laid; and that the hypothetical question sought to be propounded did not embrace an accurate statement either of the facts as adduced or any appropriate or possible theory that might be sustained from the facts in evidence. The fact that the witness had dragged in wrecks off the highway in no way qualified him. The questions under investigation were not

the subject of expert testimony, as it is obvious that no expert outside of the so-called psychiatrist can even venture an opinion as to what two different people might do in the management of a car in an emergency. Having before it all of the evidence as to the location of the cars after the accident and before, and having likewise before it photographic exhibits showing the condition of each car after the accident, it would seem strange if the power or duty of the court to determine the issues presented must be supplanted by the opinion of some gentleman whose sole qualification appears to be that he had towed wrecks off the highway for nine years. We do not feel that this claim of error deserves citation to support our conclusion.

Other minor errors are complained of which in no way could have affected the determination reached. These claimed errors are few in number and urged more or less perfunctorily and even if it be conceded that these errors occurred at the trial, no possible miscarriage of justice could have resulted therefrom nor, indeed, would anything prejudicial to the right of complaining party ensue.

The judgment against each appellant is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 1, 1931.