[Civ. No. 9656.   First Appellate District, Division One.—May 19, 1936.]

LORRAINE SMITH, a Minor, etc., Respondent, v. MORRIS J. SCHWARTZ et al., Appellants.

Kirkbride, Wilson & Brooks and Kirkbride & Wilson for Appellants.

Geo. K. Ford and Leonard B. Fowler for Respondent.

KNIGHT, J.—Two automobiles, one driven by the defendant Morris J. Schwartz and the other by Frederick Smith, collided on the Bayshore highway in Burlingame where said highway is intersected by Winchester Avenue. Smith's infant daughter Lorraine, eight years old, was riding with him at the time, and as a result of the collision Smith was killed and the child suffered very severe permanent injuries. Thereafter, through her guardian *ad litem,* she brought this action to recover damages for the personal injuries she sustained, and the trial court sitting without a jury entered judgment in her favor for $7,000, from which defendants have taken this appeal.

No complaint is made about the amount of damages allowed, and evidently the award is quite moderate considering the large amount of surgical and hospitalization fees which have already been paid and incurred, and the extremely painful and permanent character of the injuries inflicted, which necessarily will require much more surgical treatment in .the future. But as ground for reversal defendants urge insufficiency of the evidence to sustain the trial court's finding as to liability for the accident; also error in ruling upon the admissibility of evidence and in denying defendants' motion for new trial. The record, in our opinion, does not sustain any of the foregoing contentions.

The Bayshore highway has four traffic lanes, two for the southbound traffic and two for the northbound traffic. The accident happened between 4 and 5 o'clock in the afternoon. It had been raining and the highway was wet. The Schwartz car was traveling southerly down the inner or fast lane of said highway, and the Smith car was traveling in the opposite direction, northerly, along the inner or fast lane of the same highway. As the Smith car reached a point nearly

opposite Winchester Avenue, which intersects the Bayshore highway from the west but does not extend across it, Smith attempted to make a left turn into Winchester Avenue and while doing so the Schwartz car crashed into the side of the Smith car with the result already stated. In challenging the trial court's finding as to liability for the accident defendants contend that plaintiff's father was negligent in the operation of his car, particularly in that he attempted to make a left turn across the highway without first ascertaining whether it could be done with safety, and without giving a hand signal until only about ten feet before attempting to execute the turn; and that such negligence on his part was the sole proximate cause of the collision.

■ Where, however, a collision between two automobiles is proximately caused by the negligence of both drivers and results in the injury to a third party, the injured party may recover damages from both drivers or from either of them, even though the negligence of one may have been greater than the negligence of the other (*Jordan* v. *Great Western Motorways*, 213 Cal. 606 [2 Pac. (2d) 786]; *Springer* v. *Pacific Fruit Exchange*, 92 Cal. App. 732 [268 Pac. 951]; *Fishman* v. *Silva*, 116 Cal. App. 1 [2 Pac. (2d) 473]; *Hill* v. *Peres*, 136 Cal. App. 132 [28 Pac. (2d) 946]); and in order for one driver to establish that the independent negligence of the other was the sole proximate cause of the collision, it must appear that his own negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way the natural or probable consequence of the negligence of him thus seeking to be relieved from liability. (*Springer* v. *Pacific Fruit Exchange, supra; Fishman* v. *Silva, supra.*) ■ Furthermore, it is held generally that where the evidence as to the circumstances of the accident is conflicting or more than one conclusion may be reasonably drawn therefrom, the question of whether the negligence of one driver or both was the proximate cause of the collision is one of fact to be determined by the jury, or by the court if no jury is present, and if there be evidence to support such determination, it cannot be disturbed on appeal. (*Dougherty* v. *Ellingson*, 97 Cal. App. 87 [275 Pac. 456]; *Fishman* v. *Silva, supra; Hill* v. *Peres, supra.* See, also, cases cited in note 4 to sec. 139, p. 394, vol. 8, Cal. Jur. Ten-year Supp.)

■ As is usual in the trial of actions involving intersection collisions, there is much conflicting testimony here as to speed, distance, and other important factors which must be considered in determining responsibility for the happening of the accident; nevertheless, the record discloses substantial evidence showing that at the time of the accident defendants' car was being driven over the wet highway at a speed of between fifty and fifty-five miles an hour, which was in excess of the maximum speed limit fixed by the California Vehicle Act. (Sec. 113 [b] [7], Stats. 1931, pp. 2099, 2120.) Moreover, section 113 (a) of said Vehicle Act declares that a person driving a vehicle on a public highway shall do so at a careful and prudent speed not greater than is reasonable or proper, having due regard to the traffic, surface and width of the highway, and shall not drive at such a speed as to endanger the life, limb or property of any person; and it appears from Schwartz' own testimony that he observed the Smith car approaching the intersection at a distance of more than 250 feet; that as it neared the intersection it was being driven, so he claimed, in an uncertain and peculiar manner, out of its own lane and into and along his lane for a distance of twenty-five or thirty feet and then back again into its own lane; and that in the face of the apparent danger all Schwartz did was to remove his foot momentarily from the gasoline accelerator; that he did not take the precaution to apply his brakes until he was within twenty-five feet of the Smith car, when, so he claimed, Smith for the first time gave a hand signal and started to make the left turn; and it was impossible then to retard the speed of his car sufficiently to avoid a collision.

In view of such evidence, showing as it does failure on the part of Schwartz to comply with the traffic regulations above mentioned, it cannot be reasonably held as a matter of law, contrary to the findings of the trial court, that his car was not being negligently operated and that such negligence was not a proximate cause of the accident, for the simple reason that such evidence reasonably supports the conclusion which the trial court evidently drew therefrom that if Schwartz had been driving within the lawful speed limit and had taken the precaution to apply his brakes upon observing the unusual and apparently dangerous approach of the Smith car, a collision would have been averted. To

166

invoke the language of the Supreme Court in deciding the case of *Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290, 296 [244 Pac. 1077] : ''Who may say, but the triers of fact, that if the law had been observed the injury would nevertheless have happened, or that the failure to comply with the law did not contribute proximately to the injury.'' ██ It follows, therefore, that under the circumstances stated, the fact that Smith also may have operated his car in a negligent manner, which proximately contributed to the cause of the collision, does not relieve defendants from liability for their negligence because aside from the legal doctrine above referred to, it has been definitely established that where, as here, an action is brought by an infant in its own right to recover damages for personal injuries sustained while riding in its father's car, and the infant is not an active participant in the accident, but was merely passively present, the negligence of the father in the operation of the car cannot be imputed to the infant. (*Caraveo* v. *Pickwick Stages System*, 113 Cal. App. 443 [298 Pac. 516].)

██ Nor in our opinion have defendants shown any abuse of discretion on the part of the trial court in denying the motion for new trial. One of the principal grounds urged therefor was newly discovered evidence. It has been often said, however, that applications for new trial on the ground mentioned are not looked upon with favor; that to justify the granting thereof the moving party must make a strong case; that it must appear that the evidence which he claims to have discovered could not with reasonable diligence have been obtained and produced at the former trial; also that such evidence is neither cumulative nor solely of an impeaching character; and that a different judgment would result if the new evidence were presented. And as already indicated, the action of the trial court will not be disturbed except upon a clear showing of an abuse of discretion. (*Arnold* v. *Skaggs*, 35 Cal. 684; *Monnette* v. *Title Ins. etc. Co.*, 107 Cal. App. 313 [290 Pac. 668] ; *Putnam* v. *Pickwick Stages*, 98 Cal. App. 268 [276 Pac. 1055] ; *Estate of Cover*, 188 Cal. 133 [204 Pac. 583].)

██ Defendants' motion was based on two affidavits, one made by the attorney who conducted defendants' case, and the other by one Hunt. It appears therefrom that subsequent to the trial they interviewed several of plaintiff's witnesses

who had testified in the case as to the circumstances attending the accident, and the affidavits purport to set forth certain statements made by said witnesses which the affiants claim are inconsistent with the testimony given by said witnesses at the trial. Another witness so interviewed was the undertaker who took charge of Smith's remains immediately following the accident, and it is claimed that in said interview he revealed for the first time that he had detected the odor of liquor on the corpse. It will be seen, therefore, that the alleged newly discovered evidence related merely to matters of impeachment, and therefore was not of a character to warrant a new trial. (*Waer* v. *Waer*, 189 Cal. 178 [207 Pac. 891]; *Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 Pac. 61].) ▇ Furthermore, no affidavits were made by the undertaker nor any of the other witnesses; consequently the averments by said attorney and Hunt as to what they claimed said witnesses had stated to them amounted to no more than hearsay and carried no probative force. (*Arnold* v. *Skaggs, supra.*) In the case just cited the court goes on to point out that in asking for a new trial on the ground of newly discovered evidence, it is not sufficient for the moving party to state in his affidavit what, as he has learned, certain persons know about the matter, and how, as he believes, they will testify; that he must produce the affidavits of the witnesses as to what they know and as to what they will testify; and that the affidavit of the party himself is but hearsay testimony, which cannot be received, unless, for good cause shown, the affidavits of the witnesses cannot be obtained in time, or in such further time as may be granted for that purpose. No such cause was here shown. ▇ Then again, so far as the alleged statement of the undertaker is concerned, it is apparent that even though he were to so testify at a second trial, such testimony would not have the effect of defeating plaintiff's right of recovery for the reason that it is only when a person riding as a passenger in an automobile has actual knowledge or must have known of the intoxicated condition of the driver that the passenger may be charged with contributory negligence in riding with him. (*Lynn* v. *Goodwin*, 170 Cal. 112 [148 Pac. 927, L. R. A. 1915E, 588]); and in the present case the child testified that her father did not drink very often and that she knew he

had not been drinking on the day of the accident because she had been with him most of the day.

It is also contended in support of said motion that the trial judge committed certain irregularities before the case was decided. ■ In this regard it was averred in the affidavit of said attorney, not directly but on information and belief, that the judge visited the scene of the accident; that later the clerk and bailiff of said court did likewise and obtained certain information which said attorney avers, also on information and belief, was communicated to the judge. Obviously the averments so made on information and belief, and which are unsupported by any affidavits of the persons from whom said attorney claims to have obtained the information, amounted to no more than hearsay and therefore were of no evidentiary value. (*Arnold* v. *Skaggs, supra.*) ■ The only other alleged irregularity complained of is based upon a remark which said attorney claims was made by the trial judge in open court after the evidence was closed and prior to the argument, wherein he referred to a conversation which was supposed to have taken place between two court room clerks as to the testimony given by one of the witnesses in the case. It does not appear, however, that counsel for defendants considered the matter as of sufficient moment to make complaint about it until the case was decided against defendants; and in our opinion it is not of sufficient importance now to require further attention.

With respect to the numerous assignments of error based upon the rulings on the admissibility of evidence, it will suffice to say that after having examined the same we find nothing therein which would justify a reversal, nor, in our opinion, are they of such serious nature as to call for detailed discussion.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.