[Civ. No. 1844. Fourth Appellate District.—June 8, 1937.]

SARAH ADRIAN et al., Minors, etc., Respondents, v. ELBERT RAY GUYETTE et al., Appellants.

MARTHA ADRIAN, a Minor, etc., Respondent, v. ELBERT RAY GUYETTE et al., Appellants.

W. H. Stammer and Galen McKnight for Appellants.

Edmond A. Chevalier and Rae B. Carter for Respondents.

MARKS, J.—This is an appeal from judgments and orders denying defendants' motions for judgments notwithstanding the verdicts in the consolidated cases of Sarah and Hilda Adrian, and Martha Adrian against Elbert Ray, A. E. and Alice C. Guyette. The defendant Allen Remy defaulted and the judgments against him are not before us for review.

The case of Sarah and Hilda Adrian has been before us before. (14 Cal. App. (2d) 493 [58 Pac. (2d) 988, 990].) The facts as they then appeared are fully set forth in that decision and may be ascertained by a reading of it. The facts proven at the second trial, which are identical with those established during the first, and appear in that opinion, will not be repeated here. We will devote ourselves to pointing out wherein the evidence in the second trial conflicts with that of the first and also the absence of evidence in the second trial that was offered in the first.

The sole question presented here is the sufficiency of the evidence to support the implied finding of the jury that the negligence of Elbert Ray Guyette was either the proximate or the concurring cause of the injuries suffered by plaintiffs. The same question was presented on the former appeal, where a judgment in favor of Sarah and Hilda Adrian was under review.

In the earlier case we summed up the evidence on this question and our conclusions as follows:

"The right rear fender of the Remy car was bent inward, the hub of the right rear wheel was bruised and one or more of the wire spokes were broken from the hub at the point of the bruise. It is evident that this damage was caused by the wheel and fender coming into sharp contact with some

other object. It is not suggested that the Remy car came into contact with the Chadwick car or that its rear came into contact with the Adrian automobile. As there were only four cars in the proximity of the accident this leaves only the Guyette car which could have caused the damage. Its left front hub cap was missing, but it is admitted that the left front of that car came into contact with the right rear of the Chadwick automobile. Both Remy and young Guyette testified positively that their two cars did not come into contact. . . . However, it is not suggested that the damage to the wheel and fender of the Remy car was caused at a prior time. It was not caused by either the Chadwick or Adrian automobiles which leaves the Guyette car as the sole remaining probable cause. From this the jury might draw the inference that the Guyette automobile came into contact with the rear of the Remy car when the paths of the two cars crossed. . . . After carefully studying the evidence we have reached the conclusion that it is sufficient to support the implied finding of the jury that young Guyette did not have his car under proper control, and did, at the time of the accident, drive it at a speed greater than was 'reasonable and proper, having due regard to the traffic, surface and width of the highway' (subd. a, sec. 113, California Vehicle Act), and that his negligence concurring with the negligence of Remy was a proximate cause of the accident and injury of the plaintiffs. (*Smith* v. *Schwartz,* 14 Cal. App. (2d) 160 [57 Pac. (2d) 1386].)''

The evidence at the two trials differed in two important particulars. At the first trial Remy was called as a witness and testified that the right rear wheel and fender of his car had not been injured prior to the time of the accident in question. At the second trial he was not a witness and there was no evidence on this question. As far as we are now informed the damage to this wheel and fender might have been caused long prior to the accident in question here. At the first trial Mrs. Chadwick and a Mrs. Toreson who was a passenger in her car, both testified that there was but one jar caused by the Chadwick car being struck by another automobile. At the second trial Mrs. Chadwick testified that her car was struck by both the Remy and Guyette cars. Mrs. Toreson was not present at the second trial, but the testimony which she gave at the first was read into the record. At both trials it was admitted that the Guyette car collided

with Mrs. Chadwick's automobile. Thus, at the first trial, all the evidence supported the conclusion that the Remy and Chadwick automobiles did not come into contact, while the evidence on this question at the second trial was in conflict.

We are still of the opinion that the only evidence upon which might be based the conclusion that the negligence of Guyette might have concurred in any way with that of Remy in causing the injury to plaintiffs, was that of the damaged right rear fender and wheel of the Remy car and the evidence that it did not collide with the Chadwick automobile. Coupled with this evidence there was the evidence at the first trial that the wheel and fender were not damaged prior to the accident in question which evidence is wholly lacking in the record now before us. In order to sustain the judgments we would have to permit the same inference to be drawn as in the first trial, namely, that the Guyette automobile collided with the Remy car and threw it out of control. This inference would have to be based on another inference, or rather speculation, that the right rear fender and wheel of the Remy car were damaged when it was struck by the Guyette automobile, and this in the face of the lack of any substantial evidence now pointing to the fact that these two came into contact. A judgment must be supported by evidence or reasonable inferences drawn from evidence. It cannot be supported by mere speculation. There is now no more reason for the supposition that the damage to the fender and wheel of the Remy car was caused in this accident than for the equally reasonable supposition that it was caused in some other accident. If the Guyette car did not come into contact with the Remy automobile, and if Guyette's driving did not affect Remy and the movements of his car, the negligence of Guyette could not have been either the proximate or the concurring cause of the injuries to plaintiffs which, under such circumstances, must be held to have been caused in a collision with the Remy car for which Guyette was not responsible.

Plaintiffs now, as before, argue that Remy and Guyette were racing down the highway with their cars side by side and that this race was one cause of the collision. That the two boys were driving too fast may be admitted; that their cars were racing side by side was not proven. It was established at both trials that the Guyette car was following the Remy automobile for a considerable distance before the acci-

dent. As the evidence fails to show that the two youths were engaged in a race, this argument of plaintiffs must fail. (See 14 Cal. App. (2d), pp. 497, 498 [58 Pac. (2d) 988].)

Plaintiffs call attention to the fact that after the accident Guyette was charged with reckless driving and that he plead guilty to that charge. From this they argue that, as he admitted his negligence, the judgment against him is supported by this admission. At most his plea of guilty was only an admission against interest and a confession that he was negligent. It was not an admission that his negligence contributed in any way to the injuries of plaintiffs. The mere fact that a party to an action was negligent is not sufficient to support a judgment against him. Besides the fact of negligence it must appear that such negligence was either a proximate cause of the injury or that it concurred with the negligence of another in proximately causing the injury forming the basis of the action. These last elements are lacking from the evidence in the instant case. We may assume that Guyette was grossly negligent in the operation of his car and still we cannot assume, in the absence of supporting evidence, that such negligence, either of itself or in concurrence with the negligence of Remy, was a proximate cause of plaintiffs' injuries.

Much of the evidence that was admitted in the case of Sarah and Hilda was excluded in the case of Martha. There is no evidence in her case that the right rear wheel and fender of the Remy car were ever damaged. Without this evidence and that of Mr. and Mrs. Toreson, which was excluded as to her, her case is much weaker than the case of her sisters.

We can say here, as we said before, that, "defendants moved for a judgment notwithstanding the verdict and have appealed from the order denying that motion. We believe the case should be tried again and for that reason that order should be affirmed." (*Adrian* v. *Guyette,* 14 Cal. App. (2d) 493, at 506 [58 Pac. (2d) 988, 994].)

The orders denying defendants' motions for judgments notwithstanding the verdicts are affirmed. The judgments against Elbert Ray Guyette, A. E. Guyette and Alice C. Guyette are reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 7, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1937.