## McCLAVE v. MOULTON.

### No. 2280.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1941.

Donald Muir, of Anthony, Kan. (W. D. Jochems, of Wichita, Kan., on the brief), for appellant.

Granville Tomerlin, of Oklahoma City, Okl. (E. C. Wilcox, of Anthony, Kan., and Jack High, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an action for damages for personal injuries resulting from a collision between two automobiles, which was tried to the court without intervention of a jury, findings of fact and conclusions of law made and judgment entered in favor of plaintiff (appellee) against defendant (appellant) from which an appeal has been prosecuted.

A hard-surfaced north and south through highway, designated as Highway No. 14, intersected at right angles by an east and west dirt road, was protected from east or west traffic on said dirt road by stop signs, the sign on the east being 28½ feet east of the east edge thereof. Just south and east of the southeast corner of said intersection there is a gas pumphouse, and just directly south of this pumphouse and along the east side of said Highway 14 there are two large outdoor sign boards placed at about 45° angles partially obstructing the view of traffic approaching said intersection from the east, the direction from which appellant was coming.

The plaintiff (appellee) was seated to the left in the rear seat, her mother and sister being seated on said seat to her right, and an uncle, Roy Moulton, on the front seat to the right and her father to his left at the wheel operated the car at the time of the collision in traveling to Atica, Kansas, to attend a funeral. There is no contention on

this hearing that any negligence on the part of father was imputable to the appellee. Appellant was proceeding west on the dirt road approaching the intersection of Highway 14 at that time. He was 78 years old and partially deaf and his left arm in a weakened condition as a result of a partial paralysis existing some years prior to the collision. He stopped his car parallel with the stop sign protecting the east approach to said highway, at which point he could see only a very short distance to the south down Highway 14. In order to obtain a clear view for any appreciable distance down said highway to the south, it was necessary for such person to drive his car to the eastern edge of the highway or very close thereto, at which point the driver could then see clearly to the south a distance of one-half mile.

After McClave (appellant) had stopped at or near the stop sign, he drove slowly towards and out into said Highway 14 at said intersection without looking south down said Highway 14 or making any attempt so to look at a time when the car occupied by appellee and operated by her father was approaching the point of said intersection so as to constitute an immediate hazard.

McClave (appellant) did not at any time see the car in which appellee was riding just prior to the collision. The father driving the Moulton car (in which appellee was riding) on seeing appellant's car sounded his horn and immediately threw on the brakes, the car skidding on the paving a distance of some 84 feet. Appellant McClave did not hear or heed such warning and the car occupied by appellee skidded approximately in a straight line to a few feet from the point of impact and then swerved sharply to the right, away from appellant's car.

At the time of the collision the left rear wheel of the car in which appellee was riding was torn off and the car turned over on its left side and skidded a distance of some 35 feet on the paving. The appellee, as a result of this collision and overturning of the car in which she was riding, was thrown forward from the rear seat to the left so that her right hand and arm went through the open window of the door on

the driver's side and her right hand and lower forearm were caught under the side of said car and dragged, scraped and mashed along the pavement of Highway 14 to such an extent that an immediate amputation of said hand and lower forearm was necessary, and performed. As a direct result of said collision, the appellee, who is righthanded, lost her right hand and lower forearm and also suffered considerable loss of blood with a resulting temporary anemia, causing the appellee considerable pain and suffering, at first continuous and intense and thereafter spasmodic.

The court found that the appellee had immediately prior to the collision the reasonable earning capacity of the average untrained woman of her age, which was 39 years, and judgment for $5,000 was awarded, which included the sum of $313, for hospital, medicine and physician's services.

The only question presented here is that the evidence is insufficient to establish any negligence on the part of appellant McClave and that the direct and proximate cause of the collision was the negligence of the operator of the car in which the appellee was riding, and not any concurring negligence on the part of appellant. The car in which the appellee was riding was being operated by the father at a high rate of speed and slightly on the left center of said highway so as to constitute negligence but the appellant McClave was also guilty of concurring negligence in that after his automobile reached the stop sign on the east side of Highway 14 and after he looked both north and south and seeing no automobile approaching from either direction he continued on to the highway, not looking either north or south as he approached and entered upon its paved portion, his view to the south immediately prior to and during a part of that time having been partially obstructed, and such concurring negligence proximately caused the collision resulting in injury and damage to appellee.

In Kansas, upon all roadways of sufficient width, a vehicle must be driven upon the right half of the roadway, except when overtaking and passing another vehicle proceeding in the same direction.[1]

1 G.S.Kans.1939 Supp. 8-537: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: (1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; (2) when the right half of a roadway is closed to traffic while under construction or repair; (3) upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or (4) upon a roadway designated and signposted for one-way traffic."

452

No person shall drive a vehicle in Kansas on a highway at a speed greater than is reasonable and prudent under the conditions then existing.[2]

The driver of a vehicle in Kansas approaching an intersection is required to yield the right of way to a vehicle which has entered the intersection from a different highway.[3]

The driver of a vehicle in Kansas is required to stop at the entrance to a through highway and yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, and the driver of a vehicle is required likewise to stop in obedience to a stop sign at an intersection where a stop sign is erected at one or more entrances thereto, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard.[4]

■ The rule in Kansas, which under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, governs in this case, is that where separate acts of negligence, occurring at same time, contribute to an injury, injured party may recover against one or both tortfeasors. Mayhew v. De Coursey et al., 135 Kan. 184, 10 P.2d 10. Here the two separate concurring acts of negligence occurred at the same time and both acts contributed to the injury, and the injured party may at his or her option sue and recover against one or all of those contributing to the injury. Nevitt v. Atchison, T. & S. F. R. Co., 115 Kan. 439, 223 P. 269.

■ Where several proximate causes contribute to an accident, and each is an efficient cause without the operation of which the injury would not have resulted, it may be attributed to all or any of the causes, but it cannot be attributed to a cause unless without its operation the accident would not have happened. Smith v. Schwartz, 14 Cal.App.2d 160, 57 P.2d 1386, 1387, in which it is stated that "where, however, a collision between two automobiles is proximately caused by the negligence of both drivers and results in the injury to a third party, the injured party may recover damages from both drivers or from either of them, even though the negligence of one may have been greater than the negligence of the other." Buckeye Irrigation Co. v. Askren, 45 Ariz. 566, 46 P.2d 1068, and authorities therein cited.

The judgment of the lower court is affirmed.

[2] G.S.Kans.1939 Supp. 8-532: "(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. * * * (f) The foregoing provisions of this section shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence as the proximate cause of an accident."

[3] G.S.Kans.1939 Supp. 8-550: "(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway. (b) When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. (c) The foregoing rules are modified at through highways and otherwise as hereinafter stated in this article."

[4] G.S.Kans.1939 Supp. 8-552: "(a) The driver of a vehicle shall stop as required by this act at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway. (b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto, although not a part of a through highway, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."