WEIGAND, APPELLANT, *v.* WENHAM TRANSPORTATION, INC., APPELLEE.

(No. 280—Decided May 3, 1965.)

*Mr. Robert W. Lett*, for appellant.
*Messrs. Day, Ketterer, Raley, Wright & Rybolt* and *Mr. T. D. Gindlesberger*, for appellee.

RUTHERFORD, P. J.   Plaintiff, appellant herein, was driving east on State Route No. 39 in Holmes County and defendant's agent was operating a truck and trailer going west.

Plaintiff had proceeded through a bridge, and the collision between the left front corner of the truck and the left side of plaintiff's car occurred some ten to fifteen feet east of the bridge.   The primary issue became one of who was across the center line.   The pavement was twenty feet wide.   At the edge of the pavement along each side of the bridge was an 18 inch concrete bridge wall approximately 3½ feet in height.   There was a

small curve to plaintiff's right and to defendant's vehicle's left as they passed through the bridge.

Judgment was rendered upon a jury verdict for the defendant, from which judgment and the overruling of a motion for new trial, the plaintiff has appealed on questions of law.

There are 8 assignments of error. Several relate to requests for special instructions before argument, but the record does not show any objections to have been made to these instructions at the time they were requested.

The assigned error which we find to be prejudicial to the plaintiff occurred as follows:

William Faught was the owner of the truck and trailer which had been leased to the defendant. He was not the driver at the time and did not see the collision.

After testifying as to his experience in driving this particular truck and trailer and also similar equipment over a period of several years, he was asked and over objection of the plaintiff was permitted to answer the following hypothetical question:

"Q. I am going to call your attention to a map which the testimony has been that this is a diagram of the highway in the vicinity. This is exhibit 7. It is a diagram drawn to scale in the vicinity of the bridge across Crab Run, west of Nashville. I believe the testimony is it is 1 inch equals 5 feet. And for the purpose of this question I am going to ask you to assume certain facts for the purpose of asking you to express an opinion. Now, I will ask you to assume that the truck with the trailer attached, that was operated by Dale Roach, was proceeding west from Nashville down toward the bridge and I will ask you to assume that at a point from 10 to 15 feet east of the bridge there was a collision between the left front corner of that truck and the left side of a Chevrolet Impala sport coupe which was proceeding east on that highway. Now, I will ask you to assume that the truck, from this point 10 to 15 feet east of the east end of the bridge proceeded onto the bridge; that the right front part of the truck did not come into contact with the north wall of the bridge but the dual wheels on the rear of the truck, but the two outside dual wheels came in contact with the north wall of the bridge; that the outside right front wheel of the trailer came in contact with the side of the wall of the bridge and as the truck proceeded on west the outside tire on the right rear

of the truck came in contact with the east end of the north wall of the bridge, tearing a hole in it and that immediately thereafter the rear axle of the trailer came loose from the trailer bed and that the vehicle proceeded on westward, I will ask you to assume further that the under part of the bed of the trailer on the right side rode over up onto and on the north wall of the bridge along the edge until it reached a point approximately in the middle of the north wall, assuming those things I will ask if you have an opinion, based on your experience driving and operating trucks in the trucking business, including your experience with this particular truck and trailer, as to whether it would have been possible for that truck and trailer to come in contact with the north wall of that bridge in the manner I described, if at the time of the impact, 10 to 15 east of the bridge the left front corner of the truck or any part of the front of the truck was either on or over to the south of the center line of the highway. Do you have an opinion? A. Yes, I do.''

Counsel for plaintiff objected.

''Q. May I rephrase it in this way—assuming those facts I stated do you have an opinion as to whether the rear portion of the truck and the front portion of the trailer and the trailer bed and the rear axle or rear tire of the trailer could have come in contact with the north wall as I described if at the time of the collision the left front corner of the truck was either on or to the south of the center line—Do you have an opinion? A. Yes, I do.

''Q. What is that opinion?''

Objection of plaintiff's counsel was overruled.

''A. My opinion, based on experience with this particular type of equipment, in the first place coming down about 45 or 46 feet long hill, this impact happened about 10 feet before we get to the bridge. So my opinion would be that you couldn't get this truck over into the wall, the right front of the truck never touched by the bridge. You couldn't get the front of the truck into the bridge and not do some damage and still do damage to the rear. If you were entirely in, in 10-15 feet you couldn't get over if you was across the center line. You don't have room in 15 feet to get everything over and still miss if the front end went over and into the wall. Yes it would be possible—The way it hit the bridge it couldn't be done. That is my honest opinion.''

9C Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.) 509, Section 6312 reads in part:

"Expert testimony is not admissible to prove that cars involved in a collision could not, if struck in the manner and under the circumstances testified to by other witnesses, have moved or come to rest in the manner testified to.* * *"

Cited are the cases of *Johnson* v. *Peairs*, 117 Cal. App. 208, 3 P. 2d 617, and *Fishman* v. *Silva*, 116 Cal. App. 1, 2 P. 2d 473.

In the case of *Ordner, Admr.,* v. *Reimold*, 278 F. 2d 532, the United States Court of Appeals, Tenth Circuit, held testimony of this nature by an expert in answer to a hypothetical question to be objectionable on the ground that the opinion does not serve to enlighten the jury in respect to a matter outside its competence.

Also, see *Twidwell* v. *Davidson*, 54 Wash. 2d 75, 338 P. 2d 326, decided by the Supreme Court of Washington. In that case the witness was shown pictures and a free hand drawing made by the appellant showing the latter's recollection as to the positions of the vehicles at the point of initial contact, and was interrogated as follows:

"Q. So to follow the question right along, what in your opinion, or do you have any opinion, as to the position of the cars, where they would have ended up, if it had occurred in this manner? A. Yes. [Objection made and overruled.] Q. What is that opinion? A. If the accident had happened in the manner show on Plaintiff's Exhibit 1, the truck, instead of ending up on the highway, would have ended up in the ditch, since the cars, when they hit in this manner, pivot in about the center, and the car on this side of the road would have been distinctly in the ditch when it hit that way."

The Washington Supreme Court held that the trial court committed prejudicial error in permitting the expert to testify as to the position the vehicles would have taken if the collision had occurred in the manner related by appellant. The court then went on to say, at page 85:

"In effect, what was done in this case was to permit a police officer, after examining one photograph of each vehicle (taken after the accident) and a diagram drawn by one party showing their approximate positions at the time of and after the impact, to tell the jury whether, in his opinion, the accident

could have happened in the manner claimed by the opposing party. Thus the expert, by telling them which version of the accident was more worthy of belief, was permitted to perform the function of the jury, who were the sole judges of the credibility of the witnesses. If this practice is to be permitted, the trial of automobile negligence cases will be a contest between expert witnesses who, upon examination of exhibits and hearing the testimony, will advise the jury which party should recover.''

It is our finding that expert testimony is not admissible to prove that a motor vehicle involved in a collision could not, if struck in the manner and under the circumstances testified to by other witnesses, have moved after impact or come to rest in the manner testified to, or, as in this case, to prove that a motor vehicle involved in a collision if it moved after impact in a manner testified to could not have been struck in the manner and under the circumstances testified to by other witnesses. Such opinion invades the function of the jury and does not serve to enlighten the jury in respect to a matter outside its competence.

We do not find that a verdict should have been rendered for the defendant as a matter of law, which would render the error not prejudicial. Although there was considerable evidence favorable to the defendant, from a review of the record, neither can we find that a result more favorable to the plaintiff would not have been reached in the absence of such error. The evidence presented a jury question. The matter upon which the hypothetical question was asked was a proper one for comment of counsel in closing argument to the jury, but not for expert testimony by one not a witness to the accident.

It follows that the court also erred in overruling plaintiff's motion for a new trial.

We find no other error which would be prejudical, but, for the reason stated, the judgment will be, and hereby is, reversed, with this cause to be remanded for a new trial and further proceedings according to law.

*Judgment reversed and cause remanded.*

McLaughlin and Van Nostran, JJ., concur.